Jonathan Doe, *Pro se*

# UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Jonathan Doe,<br><br>  Plaintiff,<br>vs.<br><br>Donald J. Trump, Joseph R. Biden,<br>  Defendants | **PRE-LLM MOTION FOR AN ANNUAL STATE OF THE CONSTITUTION ADDRESS BY THE JUSTICES OF THE SUPREME COURT**<br><br>**PRE-LLM LINKED EMERGENCY INJUNCTION TO EVALUATE IMPLIED STATUTORY AND CONSTITUTIONAL AGE LIMITATION ON COMMANDER-IN-CHIEF BEFORE (OR VERY SOON AFTER) INAUGURATION** |

**PRE-LLM MOTION FOR AN ANNUAL "STATE OF THE CONSTITUTION" ADDRESS TRADITION BY THE JUSTICES OF THE SUPREME COURT**

Comes now Plaintiff (Jonathan Doe) who first hereby brings a pleading for an annual "State of the Constitution" address by the Justices of the Supreme Court of the United States, year after year in order of seniority, with each Justice having an opportunity when it comes to be their turn to deliver such an address to describe and propose a Constitutional Amendment for concerted consideration within that judicial year by all the States of our Union. My belief is that this tradition will become closely observed by the Press and the Public and will help broker much more rapid "necessary and expedient" alterations in our Nation's most sacred document, safely and gently overcoming the bottlenecks we face on Constitutional reform.

**PRE-LLM LINKED EMERGENCY INJUNCTION TO EVALUATE IMPLIED STATUTORY AND CONSTITUTIONAL AGE LIMITATION ON COMMANDER-IN-CHIEF BEFORE (OR VERY SOON AFTER) INAUGURATION**

Motion

1

Second, the Plaintiff (Jonathan Doe) brings a request for an Emergency Injunction to evaluate the implied statutory and constitutional age limitation on the Commander-in-Chief before or, as time doesn't allow, just after the 02025 Inauguration of J.D. Vance as Vice-President of the United States and Donald Trump as superannuated President of the United States.

The Plaintiff has pointed out and proposed elsewhere what he believes to be a long overdue constitutional amendment to revise the lifetime tenure of federal judicial officers at no later an age than a judicial officer's 76th birthday, consistent with the prevailing strict rules in a two-thirds majority (33) of the 50 States fully admitted to our Union. Given that such mandatory judicial retirement ages have already been incontrovertibly established as a compelling public interest in 2/3 of the States despite intense resistance and challenges from many highly-skilled affected judicial officers, it may only require a small, gentle push and focus by the right high-ranking public officers of state to foster a conversation about the policy or establish through a case in controversy like the one that I raised elsewhere to establish democratically, one way or another, whether the public wants to convert the belief that judicial officers shall not serve past 75 for the foreseeable future (the next 75 years) into an analogous federal constitutional amendment applied to the federal bench.

But many other fundamental constitutional amendments have come to my attention[1] over the course of my time living here in the United States, such as for instance extending age limits to the Legislative and Executive Branch as well for the next 75 or 100 years[2]. Consider the case of Congresswoman Kay Granger of Texas (date of birth January 18, 01943 CE, aged 82.0 at time of writing (ATOW)). She disappeared without public explanation from her Congressional

---

[1] I aimed for a large part of my childhood and adolescence to become a legislator, lawgiver, and jurist. It's not uncommon for me to think of and reflect on constitutional gaps.
[2] "America needs political age limits". Nancy Qian. American Strategist. https://www.aspistrategist.org.au/america-needs-political-age-limits/

responsibilities for over six months. The New York Post (and many other media publications similarly) reported the following: "An elderly Texas member of Congress who has been seemingly missing from the Capitol for six months is now living in a retirement community that specializes in memory care — and even her family acknowledges she has exhibited possible signs of dementia.[3]" I can almost not imagine a more severe neglect of legislative, executive, and judicial responsibility for the Government to allow this to happen and not intercede within a month, let alone six. The US Government fundamentally rate-limits life and death decision-making like whether safephrase support should be technically mandated on all phones and smart speakers to prevent sexual assault and such absences deny her over 770,000 constituents[4] representation over their lives, liberty, property, and pursuit of happiness. There are many other examples of unacceptable age-related cognitive and physical decline in Congress; I will not attempt to exhaustively list them here. For every representative like Nancy Pelosi (DOB: March 26, 1940, age ATOW 84.8 yo) who, despite her health challenges, mostly serves as an apparent reminder that superlative functioning is possible if not probable stochastically at advanced elder ages, there's an example of a representative in denial suffering mild or moderate cognitive dysfunction in Office, with no age limit rule in place to protect us from this endless gerontocratic game of Representational Russian Roulette & Sinecure Incumbency.

    And as far as the Executive Branch is concerned, we are now about to be represented, if no judicial officer ever intercedes, by the second President in a row who is over the absolute maximum allowed age of military flag officer retirement, an established military service limit that that delineates the physical requirements necessary to be trusted to make rapid, robust, reliable,

---

[3] https://nypost.com/2024/12/22/us-news/missing-texas-rep-kay-granger-found-in-memory-care-unit-report/
[4] Itself an absurdly high number that we know would have shocked George Washington, who targeted 30K-40K per representative, beyond the representational capability for even a vigorous representative at her prime.

Motion

3

trustworthy, sensitive, detailed life and death lethal decisions about our military forces and the systems, allies, enemies, and civilians our military impacts. The majority of the Supreme Court of the United States has said in Seila Law v Consumer Financial Protection Bureau that "Article II [of the US Constitution] vests the entire "executive Power" in the President alone". All national security responsibilities vest and rest in the Presiding Officer. Even with the assistance of "lesser executive officers" like three-star, four-star, and five-star generals, the President is the ultimate and final deciding authority on any military security operation. Is a President over the 68 year old age of maximum deferred mandatory flag officer retirement under 10 U.S. Code §1253 really competent and capable of safely discharging his duties as Commander-in-Chief for the years she remains in Office?

President Joseph Biden (DOB: November 20, 1942, current age ATOW 82.1+ years[5]) is widely considered by the public to be unfit for service as Commander-in-Chief at his age. This isn't something that I have to extensively prove beyond very well-known common wisdom at this moment in our political community's history. Ever since the First and Only Presidential Debate between Joe Biden and Donald Trump, it became painfully apparent to almost every registered voter who watched that Joe Biden at age 81.6+ then should not be chokeholding and bottlenecking our military Commander-in-Chief decision-making. The national and international uproar at his deteriorated condition was instantaneous, pervasive, and impossible for you the reader, whether a Judge or Justice or rank-and-file Voter or Stakeholder, to escape. We as a community have been indulging him in his final months in Office, but we should not and should not have; it is a national security risk for such a man or woman of such geriatric condition to be wielding the "entire executive Power in the President alone" (ibid).

Why would we take another risk with Donald Trump, who is also beyond the age of flag

---

[5] Plus gestation time of course.

officer military retirement on Day One of his taking office? Donald Trump is only the third President to exceed the age of 76.0 that I have been proposing as a maximum mandatory political retirement age: Reagan in his second term also eventually exceeded the limit; Biden and Trump are the only ones to exceed this proposed limit on their Inauguration Date.

James David (J.D.) Vance, Donald Trump's Vice-President-Elect, and probably by the time this Motion and Injunction is read the inaugurated Vice-President, is a perfectly capable, competent, vigorous replacement for President-Elect if Donald Trump is deemed ineligible on age-related grounds to continue safely serving as President of the United States. He has a long history of admirable military service and has better public polling and approval ratings suggesting better public democratic acceptance than Donald Trump himself. Switching horses will come with some drawbacks. For instance, as part of a necessary monetary reform project that's religiously necessary for me and the United States, I wish to bring forward a proposal to go further than what's statutorily obligatory under RFRA and rename the United States Dollar (Wampum) to something more prescriptively and descriptively meaningful (like "Trust" or "QALM" or "CALM", the latter two for which I can explain) in a naming contest before the 250th birthday of the United States' Independence on July 4, 02026 CE, and it is more likely that such a massively resonant currency redesign project would be pursued by Donald Trump, who is an internationally renowned branding expert and openly broadcasts his wish to "shake up" traditional well-established names, by for instance renaming the "Gulf of Mexico" to the "Gulf of America". Would J.D. Vance be bold enough to rename the US Dollar to US CALM, US Trust, US QALM, US Ripple, or anything competitively better? I don't know. But while I personally differ from his Trumpist isolationist tendencies in foreign policy, I know J.D. Vance would protect us from threats foreign and domestic in an extraordinarily detailed way that Donald Trump at his superannuated age beyond deferred military flag officer retirement under 10 U.S.

Code §1253 could and would not, stochastically speaking. I would feel safer with J.D. Vance making final "go / no go" decisions on violent operations foreign and, G-d forbid, domestic than Donald Trump[6], and I propose that the majority of the United States public and the controlling statutes around military flag officer retirement believe the same.

J.D. Vance is reputedly like-minded with Trump on most all policies domestic or foreign and has been trusted as his second-in-command to take the reins of power from Donald Trump should he need to be replaced or should his health be deemed to fail under the 25th Amendment. He is well-vetted and would discharge his responsibilities as President of the United States capably if advanced to the Resolute Desk.

The reason why this Motion and this Injunction are linked is because at the heart of this overdue "mandatory retirement age" problem for the Judicial, Executive, and Legislative Branches is a lack of reasonably effective Supreme Court-sponsored catalysis around Constitutional Amendments since almost the passage of the Bill of Rights. If there were a more effective means of proposing and ratifying Constitutional Amendments, it is my belief that we would have already had political age limits in place to protect us from a geriatric seniority system with the extremely high risk of our Nation blundering through Joseph Biden's deterioration in part, through deliberate, intentional concealment of the extent of his deterioration at the highest levels of Government.

There is no single voice or single set of voices in the United States we can rely on to regularly bring to the Country's attention Constitutional amendments that are "necessary and expedient" and especially those that are overdue. The mechanism for actually fostering "concerted, well-synchronized interstate conversation" between the various States Legislatures to effectuate the timely consideration and ratification of any next-proposed 28th Amendment

---

[6] Let's not forget that Donald Trump is a credibly alleged domestic insurrectionist. We all as responsible citizens know that; I don't need to cite case evidence of it.

(meaning *any* other Amendment(s) that may be overdue) is missing from our national culture.

You can see that most clearly perhaps with the current fate and uncertain status of the Equal Rights Amendment. Outgoing President Joseph R. Biden issued a proclamation on January 17, 2025 three days before the end of his term in office stating that the Equal Rights Amendment (ERA) was adequately ratified by a 3/4 majority of states to deserve recognition as the now-active 28th Amendment. However, for a Constitutional Amendment to be formally ratified the National Archivist needs to recognize it as such and certify and publish it and the National Archivist is currently declining to do so. As a recent CNN article points out[7], it took decades for the amendment to reach the threshold of a 3/4 majority of states approving, and in the interim 5 states rescinded their ratifications and the original ratification deadline of 1979 extended to June 30, 1982 both expired.

This exceedingly long timetable for ratification and indecisive extension of the expiration of the ratification deadline for the ERA reflects a lack of concerted, well-organized coordination of our national "kitchen table" public policy conversations. It reflects a political failure by State Legislatures, advocates, and opponents to "force a decision" on the question with a true deadline that all persons would respect.

For that reason, let me please propose a different 28th (or 29th?) Amendment that is arguably could be much more potent, important, and vital, as it may introduce and induce steady, consistent review of our Constitution by the Unionized States, enlivening the schools of thought of originalism, textualism, and living constitutionalism, and giving each Justice a chance in every rotation to effect an imprint on the supreme law of the land.

What I propose as the 28th or 29th Amendment is the following, which I admit is too wordy and arguably overly specified for this Amendment:

---

[7] https://www.cnn.com/2025/01/17/politics/joe-biden-equal-right-amendment/index.html

**Amendment #28 (or #29)**

(a) Starting with the Chief Justice in the year this Amendment is proposed, the Justices of the Supreme Court of the United States shall together convene the State of the Constitution event once a year no later than before the taking of recess at the end of the annual Supreme Court term after all term opinions have been released. In each succeeding year, in cyclic order of descending seniority on the Supreme Court, one appointed Justice shall deliver a State of the Constitution address to the public to describe the status of federal, state, and local laws, the legal system, the accused, victimized, convicted, and enslaved populations, and the United States Constitution as they see fit, as well as recommend to the Consideration of Congress and the States such Measures as she shall judge necessary and expedient. Each year, the appointed Justice shall explicitly highlight and openly propose and endorse or decline to propose or endorse one specific Constitutional Amendment to be further considered by Congress and the States or by the States and a Constitutional Convention as specified in Article V of this Constitution.

(b) Any such Proposed Amendment may be in any form of media including but not limited to writing, a language model, art, audiovisual media, formulae, or code, or any mix thereof. Any Amendment may be presented in any dialect or language but must be accessible and translatable without excessive loss of meaning. All other Justices are encouraged to issue written concurring or dissenting opinions or media to any Amendment so proposed by that year's Appointed Justice.

(c) The People of the United States shall have no more than one year from the date and time of the appointed Justice's "State of the Constitution" presentation to formally propose and fully ratify the Justice's selected Amendment (if any) before the ratification deadline. Any extension of the ratification deadline for the appointed Justice's selected State of the Constitution Amendment will require a 2/3rds majority of each House of Congress or a 2/3rds majority of the States and may not be for greater than two additional months. Any previously proposed State of the Constitution Amendment may be repeated without limitation in future State of the Constitution years if deemed necessary and expedient by that year's appointed Justice even if ratification for that Amendment has failed in the past.

In no way do I wish to compel any Supreme Court Justice's freedom of speech to propose any Constitutional Amendment if they feel that no Constitutional Amendment is "expedient and

necessary" or overdue. If Clarence Thomas' originalism and reticence to publicly speak from the bench somehow leads him personally to believe that it is not his proper place to advance a Constitutional Amendment proposal when it comes his time to present the State of the Constitution, that is a decision that I can respect and admire, given his philosophy and personality. But my belief is that every sitting Justice on the Supreme Court, with the possible exception of Justice Thomas, has at least one, and likely more than one, Constitutional amendment that they personally feel is "necessary and expedient" and overdue and that they lack a catalytic national forum to Present as a matter of their duty to the Nation on the Supreme Court, given their intimate awareness of the painful gaps in the Constitution and the developing and timeless needs of our Society.

    For instance, if I were a Justice, I would consider proposing an Amendment tailoring full criminal responsibility to persons aged 25 or older, the age where the consensus of science now believes the full development and maturation of today's un-genetically modified neofrontal cortex concludes, and treat everything lower than 25, as a matter of constitutional criminal procedure at every level of Government, as an *adolescent* rather than an *adult* offense. If I were a Justice, I might 9 or so years later (the Justice count might change) if I was still on the Court when it was my turn again propose a change to the voting age to allow 14+ year olds to vote freely as part of their high school civics education, and as part of the sufferance we should guarantee to them for their suffering of such political questions like how to prevent gun violence in schools. And those are just some simple "sea change" age-related conditions and guarantees in the Constitution -- there are many areas in the Constitution that could benefit from patient, steady, step-by-step modernization with widespread effects on the organization of our Nation and Society. These two exemplary changes, I argue, are "necessary and expedient" and overdue, but there is no practical customary mechanism for me or anyone in this Country--Supreme Court Justices included--to

bring about their integration into the Constitution with our current unaccelerated, uncatalyzed political mechanisms, institutions, and juridical traditions.

I understand that I may need to notify Donald Trump and other affected entities of this Pleading, particularly if it passes immediate first scrutiny by a Judge. Please allow me some time and offer some assistance please to get that task done.

I assert that the Public, myself included, will suffer and continue to suffer irreparable harm and risk-based hardship if anyone over the age of latest deferred flag officer military retirement (68.0 years of age) under 10 U.S. Code §1253 is allowed to spend any further time as Commander-in-Chief, our nation's max-star general. Allowing that imperils our country's civilians and military forces, our allies' civilians and military forces, and emboldens our nation's enemies. I ask at least for a temporary injunction handing the Commander-in-Chief role to the Vice President of the United States, either Kamala Harris or J.D. Vance depending on the moment this decision is made, to wield during the pendency of this suit.

To be frank, while I would be thrilled if this Injunction succeeded even minimally for Kamala Devi Harris and James David Vance to be considered by the Judicial Branch as drop-in national security-required replacements for Joseph Robinette Biden's and Donald John Trump's superannuated age respectively as POTUS from 02025 - 02029 through the 250th Birthday of our Independence, I do not wholly expect the Linked Injunction to Evaluate Age Limits for the Presidency to directly succeed. I'm not clueless about how the Courts currently work as a cross-linked political branch exercising Clausewitzian "politics by other means"; I think it will be too controversial for the Courts to stick your necks out to apply without a Constitutional Amendment in place to embolden Judicial Branch interference in the Electoral College and Executive Branch. For all the Supreme Courts talk about the singular and overwhelming national security responsibility of the President, for instance the statement that "The President has duties

of "unrivaled gravity and breadth."" (Trump v. Cyrus Vance, 591 U. S. 786, 800), I doubt the Supreme Court or Lesser Officers will enjoin Donald Trump from serving as Commander-in-Chief again, despite the fact that his "authority is sometimes "conclusive and preclusive." Youngstown Sheet & Tube Co. v. Sawyer, 343 U. S. 579, 585 at 638 (Jackson, J., concurring). When the President exercises such authority, Congress cannot act on, and courts cannot examine, the President's actions." Trump v United States, Supreme Court 23-939. With such tremendous unchecked unreviewable power, it seems that the Courts should exercise a preclusionary block on a President whose physical condition is likely to deteriorate further below the level requisite to absorb and wield the full responsibility of our entire military flag officer corps. So I have a shred of hope that the Courts will act and preclude his occupation of at the very least the Commander-in-Chief role component of the Presidency, if such a role were negotiably separable from the remainder of the awesome powers of the Presidency and devolvable on J.D. Vance. I would be open to such an unusual constitutional compromise for the limited role of Commander-in-Chief to be "split off" to the body of J.D. Vance for the sake of the overriding needs of national security.

But I do want this, even if every part of the Injunction request is wholesale rejected, to at least be a teaching lesson at least that we're missing a State of the Constitution Address from the highest offices and diverse voices of the Judicial Branch to slowly and gently amend the Constitution, and I hope and even expect the Motion for a "State of the Constitution" to prevail, and the Injunction illustrates how useful the State of the Constitution Address may be for plugging holes in the Constitution caused by lack of maintenance. Perhaps in the first year of operation of the State of the Constitution, the Chief Justice might consider proposing at end of June 02025 political age limits for all branches in one fell swoop, better enabling the Courts to take the action that I'm requesting be enjoined here. If he did that on that schedule, we could have

Motion

11

J.D. Vance succeed Donald Trump as President just before our 250th Independence Day on July 4, 02026. But I recognize he may have even higher priorities for the emendation of Our Constitution, or he may need to use the first State of the Constitution to formalize the State of the Constitution protocol in something akin to the above-detailed Amendment 28 || 29, or even want to use the opportunity to propose *no* new Constitutional Amendment to set and establish conservative precedent for that, and it will be entirely up to him to decide what, if anything, he chooses to propose or not propose as a Constitutional Amendment for Consideration by the Congress and the States.

**Slow, careful, patient change.**

## POST-SCRIPT

For the sake of the record on my civil rights case for fair LLM and word processor accessibility in custodial detention, in this case I wrote a 12.5 page draft on my own before using an LLM. For the sake of the record, I'm filing my original assisted-by-word-processor-and-Google-Search, unassisted-by-direct-AI draft as an Appendix. The post-processed LLM-supported revision shall be my main filing. In operationalizing LLM and word processor access, you can if you wish require such writing exercises to be exposed on submission from prisoners to the Court, so that you can compare and contrast the "traditional search assisted" voice of anyone custodially detained with their voice after an LLM supports their expression (the "LLM search assisted" draft). You can also give detainees a completely search-disabled interface to write and submit in first as a "voice lock-in" before any search is used at all. Any such design is possible over time if you specify it as a design and engineering

requirement in pilot projects and work out the legalities and fairness of it when opposing counsel, the Prosecution, unfairly by comparison has continuous, uninterrupted 24/7/365.24, unflagged, undisclosed access to best-in-class LLM assistance.

Please forgive small mistakes and errata in this filing and procedure. This filing was prepared without the assistance of human professional counsel. Dated this 19th Day of January, 02025 CE, one day before the planned Inauguration of Donald John Trump and James David Vance at noon on January 20, 02025 CE.

*Jonathan Doe*
s/Plaintiff Jonathan Doe, *Pro se*