David Clayman, *Pro se*

## UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| John Doe, Harmless Hands, <br><br> Plaintiff, <br> vs. <br><br> President Donald J. Trump <br> Defendant | **CASE 25-CV-60120** <br><br> **MOTION TO EXPEDITE** <br><br> FILED BY _____ D.C. <br><br> MAR 17 2025 <br> ANGELA E. NOBLE <br> CLERK U.S. DIST. CT. <br> S. D. OF FLA. - FT. LAUD. |

## PLAINTIFF'S MOTION TO EXPEDITE PROCEEDINGS

**COMES NOW** the Plaintiff, David Morris Clayman (formerly John Doe), representing himself

pro se and on behalf of the nascent political party, Harmless Hands, respectfully moving this

Honorable Court to expedite proceedings in this case pursuant to **Fed. R. Civ. P. 57** (Declaratory

Judgment). Expedited treatment is warranted due to the urgent constitutional and statutory issues

raised herein, specifically whether the Commander-in-Chief of the United States Armed Forces,

who concurrently serves as the President of the United States, is subject to the **mandatory**

**retirement age** applicable to all other flag officers under **10 U.S.C. § 1253**.

## GROUNDS FOR EXPEDITED CONSIDERATION

### 1. Time-Sensitive Constitutional Question

This case presents an urgent and unresolved constitutional issue concerning the applicability of

**10 U.S.C. § 1253**, which mandates that all general and flag officers retire upon reaching the age

of **68**. Given that President Donald J. Trump has assumed office for the second time at the age of

**78.6**, this motion seeks clarification as to whether the President, in his capacity as Commander-in-Chief, is exempt from statutory retirement age restrictions that apply to all other flag officers in the military.

Expedited review is necessary to prevent irreparable harm to the **separation of powers**, **military chain of command**, and **national governance**.

**2. Ongoing Impact on National Security and Governance**

If this Court determines that the President is subject to the **mandatory military retirement age**, continued service by Defendant Trump in a military capacity may be unconstitutional and statutorily impermissible. Given recent **appointments in the Department of Defense**, including the replacement of highly experienced military officials with lesser-experienced personnel, clarity on this matter is of national importance.

This concern is heightened by recent **January-February 2025** leadership changes, wherein President Trump:

- Removed **Chairman of the Joint Chiefs of Staff Gen. Charles Q. Brown Jr.**, replacing him with **retired Lt. Gen. John Dan Caine**, bypassing more senior active-duty officers.
- Nominated **Pete Hegseth** as Secretary of Defense, an individual with no command experience above the rank of Major, raising concerns about the **chain of command** and **civil-military relations**.

Given the unprecedented nature of these decisions, judicial review of whether a **Commander-in-Chief is subject to the same retirement age as all other military flag officers** is imperative.

**3. Minimal Need for Extensive Discovery**

The material facts in this case are largely undisputed:

- President Trump's age is a matter of public record (**78.6 years old** at the time of taking office).
- **10 U.S.C. § 1253** mandates retirement for military officers at **68.0 years old**.

The primary question before the Court is a **legal** one: Does **10 U.S.C. § 1253** apply to the **Commander-in-Chief** in his military capacity? Because this is a question of statutory and constitutional interpretation rather than fact-finding, expedited proceedings are appropriate.

**4. Request for Brief Stay to Allow Congressional Action**

The Plaintiff recognizes that this case presents a significant statutory question that Congress has never directly addressed—whether 10 U.S.C. § 1253 applies to the Commander-in-Chief. Given that the President's role is unlike any other military position, the Plaintiff requests that, should the Court determine that further statutory clarification is necessary, it consider granting a brief stay of proceedings to allow Congress to:

1. Amend 10 U.S.C. § 1253 to explicitly clarify whether the age restriction applies to the Commander-in-Chief;

2. Establish a waiver process or exception for Presidents who have been duly elected by the people, should Congress determine that voters' electoral authority overrides mandatory retirement rules; or

3. Affirmatively disqualify Presidents above the age of 68.0 from serving as Commander-in-Chief in the interest of national security and consistency with military service

rules.

A limited stay would allow the House of Representatives and Senate an opportunity to deliberate and take legislative action, should they deem it necessary to harmonize statutory military retirement requirements with the unique role of the President.

Such an approach would be consistent with judicial restraint, allowing the legislative branch to act where it has not previously provided clear guidance. If Congress fails to act decisively with a relevant Act of Congress within a reasonably rapid timeframe (such as 30 days) appropriate to this chain-of-command national security risk, the Court would retain the ability to proceed with adjudicating this case in light of existing statutory interpretation which the Plaintiff argues favors chain-of-command health risk reduction by barring President Trump now, President Biden before him, and any President hereafter under existing 10 U.S.C. §1253 law from serving as Commander-in-Chief past her or his 68th Birthday on age grounds from a health-risk-focused politically-neutral point-of-view.

**5. Precedent for Expedited Review of Constitutional Challenges**

Federal courts have previously granted **expedited review** where cases present **substantial legal questions** affecting national leadership, election eligibility, or **constitutional governance**. Given the significant impact of this case, an expedited decision is necessary to prevent **prolonged uncertainty** in the nation's highest military office.

**RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Set an expedited briefing schedule**, requiring Defendant to file a response within **14**

**days**;

    2. **Schedule an expedited hearing** at the Court's earliest convenience; and

    3. **Grant such other and further relief** as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I certify that on this **March 11, 2025**, I mailed by certified mail the foregoing document to the

Clerk of Court using the U.S. Postal Service, as the Plaintiff has been denied electronic filing

privileges. The Clerk shall file this motion with the CM/ECF system, which will provide notice to

Defendant's counsel.

**Respectfully submitted, harmlessly,**

s/Plaintiff David Clayman, Currently *Pro se*
For the Proposed Center Forward Party of
Harmless Hands, aka the Miracle Berries
7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148
+1 (321) CLAYMAN (252 - 9626)
david@harmlesshands.org



TAGE PAID
ER
T CREEK, FL 33073
2025
0908-03