UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-CV-60120-SMITH

DAVID MORRIS CLAYMAN,

   Plaintiff,

v.

DONALD J. TRUMP,

   Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Defendant, Donald J. Trump, in his official capacity as President of the United States, by and through the undersigned Assistant United States Attorney, hereby responds to Plaintiff, David Clayman's, Motion to Enter Default and Default Judgment, [DE 17], and asks the Court to deny Plaintiff's Motion, as Plaintiff has not properly served Defendant and has not filed adequate proof of service in this case.

**A. Plaintiff failed to properly serve Defendant.**

Plaintiff, who is proceeding *pro se*, filed the Complaint on January 21, 2025. [DE 1]. In the Motion, Plaintiff asserts that he served the United States Attorney General on January 27, 2025; the U.S. Attorney for the Southern District of Florida on January 31, 2025; and the President on February 4, 2025. [DE 17] at ¶ 2. He provides tracking numbers, but no other information such as how service was accomplished or whether he served these entities at the proper locations and in the proper manner. Plaintiff's Motion represents that he "filed Proofs of Service with the Court" on February 19, 2025. [DE 17] at ¶ 5. However, while Docket Entry No. 10 references a filing labeled "SUMMONS

(Affidavit) Returned Executed," the actual document is entitled "Motion to Respond to Anticipated Counterarguments," contains lengthy discussion relating to the Complaint, and contains no information regarding service. [DE 10]. In addition, there is no docket entry indicating that a summons even issued in this case.

Federal Rule of Civil Procedure 4(i)(2) provides that to serve the United States officer in an official capacity, a Plaintiff must "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Rhodes v. Wilkie*, 2019 WL 3934451, at *2 (M.D. Fla. Aug. 20, 2019) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)); *Robinson v. Hogansville Police Dep't*, 159 Fed. Appx. 137, 138 (11th Cir. 2005) (holding a federal court is without jurisdiction over a defendant unless the defendant has been properly served). "[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re*

*Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Aswad v. U.S. Citizenship & Immig. Servs.*, No. 24-cv-20812, 2024 WL 3521777 (S.D. Fla. May 29, 2024) (quoting *Albert v. Discover Bank*, Case No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022)). In addition, a defendant is not required to respond to a complaint when service has not been properly effected. *See Sun v. United States*, 151 F. App'x 860, 862 (11th Cir. 2005). To be clear, "A defendant's actual notice is not sufficient to cure defectively executed service," *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), and Defendant does not waive any defects in service through this limited appearance or this Response.

Here, given the lack of proper service in this matter, Defendant was not, and is not, required to respond to the Amended Complaint. Plaintiff has not filed adequate proof of service with the Court, and it does not appear that the clerk issued a summons in this case. Because Plaintiff has not properly served Defendant, the Court lacks the power to enter a default judgment, and Plaintiff's Motion should be denied.

### B. Courts strongly disfavor defaults.

Even if service were proper, it is well-established that defaults are strongly disfavored because of the strong policy of determining cases on their merits. *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citations omitted). Federal Rule of Civil Procedure 55(a) requires a court clerk to enter a defendant's default "when service of process is properly effected, but the served party fails to respond in a timely manner..." *Kelly v. Florida*, 233 Fed.Appx. 883, 885 (11th Cir. 2007). At the same time, Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of

default for good cause. *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). The Eleventh Circuit has held that good cause "is a mutable standard, varying from situation to situation." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011). To obtain relief under Rule 55(c), the party seeking to have the default set aside must only make a "bare minimum showing" to support a claim for relief. *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16, 2008) (citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Some factors typically considered by courts when evaluating whether the good cause exists to set aside a default include, but are not limited to: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *Id.* The Eleventh Circuit has been quick to point out that these factors are mere guidelines and are not "talismanic". *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

In this case, default has not been entered—and should not be entered—as Plaintiff failed to effect proper service. When a defendant has not been properly served, good cause exists for setting aside a default if one is entered. *Robinson v. Hogansville Police Dep't*, 159 Fed.Appx. 137, 139 (11th Cir. 2005); *Rodriguez v. American Home Mortgage Servicing, Inc.*, No. 17-CV-60574, 2017 WL 5643316, at *1 (S.D. Fla. July 10, 2017) (J. Bloom) (citing *Robinson* and holding, "Lack of personal jurisdiction over a defendant due to insufficient service of process is good cause for setting aside a clerk's default.");

*Brewer v. Guaranteed Auto, Inc.*, 2015 WL 5156158, at *4 (N.D. Ga. Sept. 2, 2015) (denying motion for default judgment after clerk's entry of default and holding, "plaintiff has failed to show that she properly served [defendant'] with a copy of the summons and complaint in this case, and since it appears [defendant] has not been properly served, it is not in default.").

WHEREFORE, based on the foregoing, Defendant respectfully requests that this Court DENY Plaintiff's Motion.

Respectfully submitted,

**HAYDEN O'BYRNE**
**UNITED STATES ATTORNEY**

Date: April 22, 2025   By:   */s/ Darcie A. Thompson*
Darcie A. Thompson
Florida Bar No. 0124888
Assistant United States Attorney
Email: darcie.thompson@usdoj.gov
United States Attorney's Office
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1010
Fax: (561) 820-8777

*Attorney for the Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of April, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also mailed a copy of this document to the pro se Plaintiff at his address of record.

*/s/ Darcie A. Thompson*
Assistant U.S. Attorney