UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-CV-60120-SMITH

DAVID MORRIS CLAYTON,

    Plaintiff,

v.

DONALD J. TRUMP, in his Official
Capacity as President of the United States,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant, Donald J. Trump, in his official capacity as President of the United States, by and through the undersigned Assistant United States Attorney, hereby moves to dismiss the Complaint [DE 1] ("Complaint") of Plaintiff, David Morris Clayton, pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

### I. INTRODUCTION

Plaintiff, who is proceeding pro se, filed the Complaint on January 21, 2025, against "Donald J. Trump, Joseph R. Biden, Elephant Duopolists (i.e. Republican National Committee), [and] Donkey Duopolists (i.e. Democratic National Committee)." [DE 1]. Plaintiff then moved to dismiss all Defendants except the President, [DE 12] and the Court granted the motion in a paperless order. [DE 16]. The Complaint does not assert any legitimate claims or causes of action; rather, it attacks the President's eligibility to hold the office of President based on military age restrictions, asserts violations of the Religious Freedom Restoration Act ("RFRA") and the Sherman Act with no underlying facts, and then asks the Court to encourage the Supreme Court and

Congress to adopt various "proposals" Plaintiff believes would benefit the country. [DE 1] at 2-3. Plaintiff's "claims" read as follows:

1. Motion for an Annual "State of the Constitution" Address [DE 1] at 3;

2. Emergency Motion for Injunction to Evaluate and Enforce Age Limitations on the Commander-in-Chief to Avoid Risk of Even Mild Cognitive and Physical Impairment in the Atlassian Commander-in-Chief [DE 1] at 8-9;

3. The Donkey-Elephant Duopoly: Sparking and Prosecuting a Political Antitrust Case [DE 1] at 17; and

4. Joined and Connected Immediate Civil Complaint Under the Religious Freedom and Restoration Act [DE 1] at 29.

Essentially, Plaintiff argues that the President is too old to serve as commander-in-chief; that the current political system violates his religious freedom; that the Republican National Committee ("RNC") and Democratic National Committee ("DNC") violated antitrust laws; and that the Court should recommend that each Supreme Court Justice deliver an annual address about the Constitution. Within each section, Plaintiff offers his grievances and cites to a handful of inapplicable statutory or constitutional provisions, but provides no facts nor any statements that have any basis in the law. Indeed, the pleading does not even appear to be a Complaint, but a manifesto detailing Plaintiff's feelings on various issues and requesting relief the Court cannot provide. This rambling, confusing, and nonsensical pleading falls far short of federal pleading standards, constitutes a shotgun pleading, demonstrates that Plaintiff has no standing, and is utterly frivolous. In short, this case has no place in this Court and should be summarily dismissed with prejudice.

## II.     LEGAL STANDARD

In ruling on a motion to dismiss, the Court must accept the complaint's factual allegations as true and draw reasonable inferences in the plaintiff's favor. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A complaint must allege sufficient facts to state a plausible claim for relief. *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 728 (11th Cir. 2018).

### III.   ARGUMENT

#### A. The Complaint is a shotgun pleading.

A shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit identified four categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts all preceding allegations; (2) a complaint replete with conclusory, vague, and immaterial facts not obviously connected to a particular cause of action; (3) a complaint that fails to separate each cause of action into different counts; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.*; *see Halbig v. Lake Cnty., Fla.*, No. 23-11875, 2024 WL 470420 (11th Cir. Feb. 7, 2024) (affirming dismissal of complaint as shotgun pleading). Shotgun pleadings are those which are confusing, incoherent, or repetitive. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets," *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 & n.4 (11th Cir. 2010), and emphasized that shotgun pleadings violate Federal Rules of Civil Procedure 8 and 10. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). "Shotgun pleadings . . . exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Here, the Complaint plainly combines aspects of all four categories of shotgun pleadings. It is unclear what claims Plaintiff is even asserting, as the Complaint is divided into various "motions," "proposals," and stream-of-consciousness rants, not any coherent causes of action. These "motions" and "proposals" contain vague, conclusory, and nonsensical allegations and statements that have no connection to any legitimate cause of action: that is a "complaint replete with conclusory, vague, and immaterial facts not obviously connected to a particular cause of action." *See Weiland*, 792 F.3d at 1321. *See also Higgins v. WXTL TV*, No. 18-cv-21132, 2018 WL 10732988, at *1-2 (S.D. Fla. Mar. 29, 2018) (complaint that "set forth rambling and conclusory allegations of wrongdoing that are not tied to any specific defendant, cause of action, or claim for relief" dismissed as a shotgun pleading); *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997)

4

(affirming dismissal of rambling complaint "that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming dismissal of 58-page complaint with 14 defendants and little distinction among defendants as "quintessential 'shotgun' pleading of the kind we have condemned repeatedly"); *Lampkin-Asam*, 261 F. App'x at 277 (affirming dismissal of complaint as shotgun pleading when plaintiff repeatedly alleged the same facts and the pleading was confusing and incoherent). In addition, it is unclear which allegations are asserted against President Trump versus the other original Defendants (who have been dismissed). In sum, the Complaint consists of 65 pages of repetitive, rambling, and incomprehensible assertions to which Defendant cannot adequately formulate a response, and should be dismissed.

### B. The Complaint is frivolous.

The Court has inherent authority to dismiss a complaint that is patently frivolous, meaning where "it lacks an arguable basis either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Baseless factual contentions include those that are "fanciful," "fantastic," "delusional," or that "rise to the level of irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Henry v. Rundle*, 18-cv-25256, 2018 WL 10626014, at *1 (S.D. Fla. Dec. 18, 2018) ("While Plaintiff's Complaint is saturated with legal terms and concepts, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim. The legal terms and concepts used, and the documents attached, are nonsensical and certainly do not support any sort of viable cause of action."). Here, the Complaint has no basis in law or fact, as it contains arguments and allegations that do not support any cause of action.

1. <u>Plaintiff lacks standing to challenge a President's eligibility for office</u>.

To establish standing, a plaintiff must demonstrate that he has (1) suffered an injury in fact, (2) that is fairly traceable to the conduct of the defendant, and (3) is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "An 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (quoting *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009)). A plaintiff does not have the requisite injury-in-fact or other requirements of standing to challenge an individual's eligibility for President. *Id.*; *Caplan v. Trump*, 23-cv-62628, 2023 WL 6627515, at *3 (S.D. Fla. Aug. 31, 2023) (holding that plaintiff challenging candidate's eligibility for President lacked standing and dismissing case); *Washington v. Trump*, 2024 WL 1759156 (D. Del. Apr. 22, 2024) (finding plaintiff lacked standing to challenge eligibility of President and dismissing case as frivolous).

Even if Plaintiff had standing, his contention that the President's age prevents him from serving has no support in the law. The only age restriction the United States Constitution imposes is that a President must be at least 35 years old; no other age limitations apply. U.S. Const. Art. II, § 1, ¶ 5; *see De La Fuente v. Raffensperger*, 2020 WL 13654225, at *3 (N.D. Ga. Jan. 16, 2020) (stating that Article II, section 1, clause 5 of the Constitution provides "the exclusive qualifications for the Office of President"). The Complaint cites 10 U.S.C. § 1253, relating to military officer retirement ages and arguing that as Commander-in-Chief, the President is subject to this statute. However, there is no support for this contention in fact or law, and this claim is patently frivolous.

2. <u>The claim that any Defendant violated the Sherman Act has no support in the law</u>.

Plaintiff's contention that Defendant violated the Sherman Act is equally baseless. Without identifying a specific Defendant or naming the President, the Complaint alleges that Defendants coordinated to exclude competition from other political parties and "undermine the democratic process in violation of federal antitrust law." [DE 1] at 18. Plaintiff does not state which specific provision he alleges was violated, nor does he allege facts regarding any kind of restraint on trade, as required to state a claim. *See United Am. Corp. v. Bitmain, Inc.*, 530 F. Supp. 3d 1241, 1255 (S.D. Fla. 2021). Further, while unclear, Plaintiff appears to assert this claim solely against the RNC and DNC, both of which have been dismissed from this case. [DE 16]. Therefore, this claim is no longer live and, even if it were, has no basis in law or fact and must be dismissed.

    3.    <u>Plaintiff lacks standing for his claims under the Religious Freedom Restoration Act ("RFRA"), and those claims are frivolous</u>.

Plaintiff alleges that the "current political party, electoral, and campaign finance system imposes a substantial burden on Plaintiff's religious exercise by limiting the ability to effectively enforce military-age limits on the Commander-in-Chief and advocate for life-preserving policies." [DE 1] at 33. He then complains about the healthcare industry's alleged role in elections, argues that political donations are not a form of speech, and concludes that these problems somehow impair his ability to fulfill religious obligations. *Id.* To state a RFRA claim, a plaintiff must allege facts that show the government imposed a substantial burden on his sincere exercise of religion. 42 U.S.C. § 2000bb-1(a); *Marshall v. Bureau of Prisons*, No. 12-cv-20991, 2013 WL 12077449, at *8 (S.D. Fla. Aug. 16, 2013), *adopted*, 2013 WL 12077450 (S.D. Fla. Sept. 17, 2013). But nowhere are there any facts that could remotely support a claim under RFRA or any kind of legitimate claim. Rather, the Complaint contains baseless assertions

constitute the "fanciful," "fantastic," and "delusional" allegations that the Supreme Court and other courts consistently reject. *See Denton*, 504 U.S. at 32-33; *Henry*, 2018 WL 10626014, at *1; *Stone v. Nelson Mullins Riley & Scarborough LLP*, 2020 WL 3489614, at *2-3 (S.D. Fla. June 26, 2020).

In addition, Plaintiff simply airs his complaints and expects the Court to adopt his positions, which amount to no more than generalized grievances, do not allege concrete, redressable injuries, and show he lacks standing. *See Carney v. Adams*, 592 U.S. 53 (2020) (holding plaintiffs lacked standing to challenge state political system and requirements).

    4. <u>Plaintiff's "Motion for an Annual 'State of the Constitution' Address" is not cognizable and does not seek relief the Court can provide</u>.

Finally, Plaintiff proposes that the Supreme Court of the United States deliver an annual "State of the Constitution" address, and asks the Court to issue "an advisory recommendation from this Court to encourage the Supreme Court to adopt this tradition." [DE 1] at 6. But "Article III of the United States Constitution expressly limits federal jurisdiction to 'cases and controversies' and does not permit federal courts to issue advisory opinions." *Hall v. Xanadu Mktg., Inc.*, 682 F. Supp. 3d 1278, 1282 (N.D. Ga. 2023) (citing *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995)). [DE 1] at 3. Plaintiff's request is not justiciable and outside the authority of the federal judiciary, as there is no case or controversy and he seeks, at best, an advisory opinion. This Court has the authority to interpret the law and rule on parties' disputes, not to make recommendations to the Supreme Court at a plaintiff's behest. This section of the Complaint does not constitute a proper claim, and must be dismissed.

**C. Dismissal with prejudice is warranted.**

While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Kazmierczak v. FBI*, No. 21-cv-14092, 2021 WL 1873432 (S.D. Fla. Apr. 20, 2021) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)); *Stone v. Yokohama Bilingual Educ.*, No. 17-cv-24534, 2018 WL 6655601 (S.D. Fla. Oct. 30, 2018) (dismissing frivolous pro se complaint with prejudice). The Complaint is patently frivolous and asserts no legally cognizable claims. Accordingly, it should be dismissed with prejudice.

## IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court DISMISS the Complaint WITH PREJUDICE.

Respectfully submitted,

**HAYDEN O'BYRNE
UNITED STATES ATTORNEY**

Date: April 23, 2025          By:   */s/ Darcie A. Thompson*
Darcie A. Thompson
Florida Bar No. 0124888
Assistant United States Attorney
Email: darcie.thompson@usdoj.gov
United States Attorney's Office
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1010
Fax: (561) 820-8777

*Attorney for the Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also mailed a copy of this document to the pro se Plaintiff at his address of record.

/s/ *Darcie A. Thompson*
Assistant U.S. Attorney