Case 0:25-cv-60120-RS Document 23 Entered on FLSD Docket 04/25/2025 Page 1 of 13

APR 25 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

John Doe, *Pro se*

# UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| John Doe,<br><br>         Plaintiff,<br>vs.<br><br>President Donald J. Trump<br>         Defendant | Case 0:25-CV-60120-SMITH<br><br>1) EVIDENCING TIMELY SERVICE OF PROCESS AND RENEWING MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT<br><br>2) THIS SERVICE OF PROCESS SYSTEM I CORRECTLY COMPLIED WITH SUBSTANTIALLY BURDENS RELIGIOUS EXPRESSION IN VIOLATION OF RFRA<br><br>3) DENIAL OF ELECTRONIC FILING PRIVILEGES SUBSTANTIALLY BURDENS RELIGIOUS EXPRESSION IN VIOLATION OF RFRA |

## ARGUMENT 1: EVIDENCING TIMELY SERVICE OF PROCESS AND RENEWING MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Plaintiff respectfully submits this Counterresponse to clarify and reaffirm that service of process was completed in accordance with **Federal Rule of Civil Procedure 4(i)**, and to respond to the Defendant's assertion that Plaintiff failed to properly serve or prove service on the United States and the President.

### I. Plaintiff Timely and Properly Served All Required Entities Under Rule 4(i)

Plaintiff affirms that service of process was effectuated as required under **Rule 4(i)(1)–(2)**:

1. **U.S. Attorney for the Southern District of Florida:**

Service was made by **certified mail** on January 31, 2025, addressed to the U.S. Attorney's Office in Fort Lauderdale.

2. **Attorney General of the United States:**

Service was made by **certified mail** to the Department of Justice in Washington, D.C., on January 27, 2025.

3. **Defendant (President of the United States):**

Service was made by **certified mail** to the White House on February 4, 2025.

Tracking numbers for these deliveries were included in Plaintiff's prior filing, and copies of the certified mail receipts were attached to the "Affidavit to Evidence Service of Process" submitted on or about February 19, 2025.

**II. Plaintiff Did File Proof of Service with the Court**

The Defendant's claim that no proof of service was filed is contradicted by the Court's own docket entry [DE 10], which labeled the submission "Summons Returned Executed." While only one of the two documents I submitted were electronically filed by the Clerk's Office, the mailing in fact included:

- An Affidavit to Evidence Service of Process, detailing delivery to each required party, whose presence in that mailing is reflected in the misfiled title of the motion document;

- The motion document, misfiled under the "Summons" title.

The **content** of the filed document—not merely the title—proves that Plaintiff attempted to comply with service and proof requirements. Where would the Clerk of Courts have gotten the impression that I filed Executed Summons' as to USA if they didn't have clearly labeled Executed Summons (in the form of this now repeatedly submitted "Affidavit to Evidence Service of Process...") right in front of them? The Plaintiff is resubmitting that document again with this filing, with only one change: the full case number has been added to the top of the right hand side of the caption as it was missing before in the original.

Plaintiff respectfully requests the Court take judicial notice that pro se litigants must often rely on court staff for docket entry and titling, which may result in clerical inconsistencies beyond their control. If this Court wants less avoidable clerical error on electronic filing, please allow the Plaintiff the right to responsibly electronically file documents for himself in his home district of the Southern District of Florida. The Plaintiff is happy to appear in Court if necessary to show the Court his edit history in Google Documents showing when that document evidencing service of process was put together. The Plaintiff can also share electronic copies of high resolution photographs of the certified mail receipts if given electronic filing privileges or given time in Court, and the Plaintiff has maintained a copy as well of the return receipts from each of the mailings.

As for why there are no entries on the docket indicating that the Summons were issued initially for all parties I needed to notify, I don't have a definitive answer for that, other than to point out, since I must, that the really kind and patient front-desk clerk at the Fort Lauderdale District Court was very new to his job at the time that I filed this case and might have forgotten to enter entries in the docket for the Summons that he prepared for me that I sent out to all the parties I needed to reach. I didn't notice that there were missing entries for the issuance of

Summons on the docket; I trusted that any such recordkeeping would be done correctly by the Clerk's Office. But that seemingly minor clerical error should be no reason to defeat my Motion for Default and Default Judgment because, notably, all three entities that needed to be served with the initial complaint were all successfully served via certified mail with paper copies addressed specifically to them on a timely basis. Clerical error in marking up the issuance of those summons in the docket or in filing my returned evidence of service of process in the docket doesn't give the US Attorney's Office in Fort Lauderdale, the Attorney General in DC, OR the President of our United States leeway to deny that I got the documents to them properly via proper service of process via certified mail in time.

### III. Defendant Received Actual Notice and Has Not Contested Merits

Despite claims of improper service, Defendant's counsel received actual notice as evidenced by the mail tracking and certified mail return receipts, negating any claim of prejudice. Courts have recognized that **technical defects in service** may be excused where:

- There is **no prejudice** to the Defendant,
- The Defendant **received actual notice**, and
- The Plaintiff **substantially complied** with Rule 4(i) requirements.

See *Robinson v. Hogansville Police Dept.*, 159 Fed. Appx. 137 (11th Cir. 2005); *Aswad v. USCIS*, 2024 WL 3521777.

### IV. Equitable Considerations Support Entry of Default

The Defendant offers **no substantive defense** to the merits of Plaintiff's claims and instead relies solely on a procedural technicality. Default is appropriate where:

Motion

4

- The Defendant **fails to plead or otherwise defend** under Rule 55(a),
- The delay in pleading **lacks good cause**, and
- The Defendant's motion does not **assert a meritorious defense** or explain the failure to timely respond.

**V. Request for Judicial Notice and Relief**

Plaintiff respectfully requests that the Court:

1. Recognize that Plaintiff timely served process and filed sufficient documentation in good faith;

2. Accept the attached resubmitted **Affidavit to Evidence Service of Process** as clarification;

3. Grant Plaintiff's original Motion for Entry of Default and Default Judgment without further briefing; or

4. In the alternative, issue an order directing the Clerk to reclassify the docket entry [DE 10] as Proof of Service, and deem the service requirement satisfied.

Why in the living hell are we arguing about service of process when the question at stake related to age limits to the Presidency is of paramount national security importance? Does the District Attorney not have any more substantive and real claims they can make to more plausibly resist this Motion for Default Judgment? No meaningful substantive arguments were made in the "Defendant's Response to Plaintiff's Motion for Entry of Default and Default Judgment" besides this "bullshit" (defined philosophically by Harry Frankfurt: a lack of concern about actual truth) about whether I shuffled paper in exactly the right way at exactly the right time... <u>when in fact I did and had</u>.

And how can it be that the US Attorney's Office in Fort Lauderdale, the Attorney General in DC, and the President of our United States in the White House are all conspiring to deny that they received by certified mail my initial complaint? These are arguments that are made out of either ignorance caused by severe miscommunication of over a dozen people neglecting their jobs or is an objection raised on very bad faith out of contempt for this Court, because I have adequate scanned evidence that I sent these documents on time. May I argue that the President, US Attorney, and Attorney General be held in judicial contempt for conveniently all three forgetting that they received this critical mailing, trying and conspiring to deny the receipt of timely certified mail?

This whole process of service of process on the Government is fairly antiquated and a seemingly foolish waste of everyone's time in the year 02025. How much longer will it be necessary for citizens to individually send certified mail to the Government every time they file a Pleading? Why can't the Government print out these cases, if they even need a print copy, from the Electronic Case Filing records as soon as a case is entered by the Courts against the President of our United States or against our United States? Why doesn't the Government locally (District Attorney), federally (Attorney General), and officially (President of United States) get immediate official Court electronic service of process at time of filing? Why do we Plaintiffs need to waste effort through the Courts and the USPS to push paper expensively to the Government, giving the Government a fairly crass, arbitrary, and poor reason to deny claims based on their impression or misimpression (in this case) of how well we shuffled physical paper ritualistically like they did in the 1700s, 1800s and 1900s?

Let's stop this. Please enter a default and issue default judgment in the case without further Government briefing. They gave up their chance to plead, both in the first 60 days they had to respond to the case and then again by filing this pretty meaningless type of lazy copy-paste

"service of process" objection without any substantive dispute on the merits.

Please also order the Government to reform its Service of Process process. I will make that Religious Freedom and Restoration Argument next....

## ARGUMENT 2: THIS ONEROUS PROCESS OF SERVICE OF PROCESS I CORRECTLY COMPLIED WITH ON CASES AGAINST THE UNITED STATES AND ITS OFFICERS UNDER FRCP 4(i) SUBSTANTIALLY BURDENS CIVIL PLANTIFFS' AMERICAN RELIGIOUS EXPRESSION IN VIOLATION OF RFRA

Plaintiff further argues that the existing requirements for effectuating service of process upon the United States, its officers, and the President, pursuant to **Federal Rule of Civil Procedure 4(i)**, place an **undue and substantial burden** on the **religious expression** of litigants who, based on sincere religious convictions, object to participating in governmental systems or practices they view as morally or spiritually unjust, archaic, or obstructive.

Plaintiff adheres to a sincerely held religious belief that he'll broadly reference as a small corollary of some of the most obvious and undisputed core of "American Religion" that truth and justice should not be obstructed by bureaucratic formalisms that allow government officials to ignore rightful petitions for redress by claiming non-receipt of certified paper mail. Plaintiff's religious values emphasize **directness, sincerity, and ethical clarity**, and find moral offense in government-imposed barriers that enable evasion of moral accountability through **hyper-technical paper-tracking** rather than substantive engagement with truth.

By requiring citizens to navigate an outdated, expensive, and opaque **postal notification system** to hold government actors accountable—despite the fact that those same actors have immediate access to electronic case filings—the system forces Plaintiffs into practices that contradict their spiritual values. This compels Plaintiffs to violate their conscience merely to have their voice heard in court, in tension with their right under the **Religious Freedom Restoration Act (RFRA)**, 42 U.S.C. § 2000bb et seq.

Under RFRA, the Government must not "substantially burden a person's exercise of

religion even if the burden results from a rule of general applicability" unless it demonstrates that the burden is the **least restrictive means** of furthering a **compelling governmental interest**. Requiring certified mail to notify agencies with full ECF access is neither the least restrictive means nor rational in an era of instantaneous, authenticated digital notice.

Therefore, Plaintiff respectfully requests that the Court universally construe Rule 4(i) to avoid imposing a substantial burden on religious expression, and deem the Government effectively served when it has **actual notice via CM/ECF or verified digital transmission from the Court, without forcing Plaintiffs to mail their paperwork in triplicate via triple certified mail**.

The Plaintiff makes this argument broadly under **modern American civic religion**, for all those of us who are free to use and rely on electricity and electronic filing in our daily lives (ex: Amish peoples excepted), and asks this Court for a universal injunction removing the need for any Plaintiffs anywhere in or outside our United States to use certified mailings to triply renotify the Government of Court pleadings that they have perfectly good situational awareness of already through the Electronic Case Filing system.

*The Plaintiff further now argues that this Court can not continue to withhold electronic filing privileges from the Plaintiff...*

# ARGUMENT 3: DENIAL OF ELECTRONIC FILING PRIVILEGES SUBSTANTIALLY BURDENS PLAINTIFF'S RELIGIOUS EXERCISE IN VIOLATION OF RFRA

Plaintiff respectfully asserts that the **ongoing passive denial of electronic filing (ECF) privileges** by this Court imposes a **substantial burden on the Plaintiff's free exercise of religion**, in violation of the Religious Freedom Restoration Act (RFRA), **42 U.S.C. § 2000bb et seq.**

### 1. Plaintiff's Religious Exercise is Substantially Burdened

Plaintiff holds **sincere religious beliefs** grounded in values of **ethical clarity and equitable communication at reasonable and equitable amounts of effort**, which discourage unnecessary use of paper, bureaucratic gatekeeping, and systems that disproportionately silence or delay truth-telling. The requirement that filings be physically printed, mailed, or hand-delivered through intermediaries—rather than communicated directly and truthfully via available digital means—violates Plaintiff's conscience and unfairly raises the cost and increases the hassle and burden of prosecuting a meritable civil case against the Government.

By withholding ECF access and forcing the Plaintiff to rely on postal mail or the Clerk's manual filing process, the Court:

- Requires participation in **paper-dependent bureaucratic systems** Plaintiff finds civically and therefore spiritually obstructive;
- **Prevents timely, transparent communication** of truth in a forum where honesty and clarity are religious imperatives;

- Burdens the Plaintiff with logistical steps that the US Attorney, Attorney General, and President of our United States and his or her counsel don't face themselves that interfere with religious duties of **moral urgency and stewardship.**

Lacking Pro se Plaintiff electronic filing access affects my ability to advocate fairly, freely, and responsibly for justice. This case would have been successfully formally filed against President Biden and President-Elect Trump instead of President Trump alone if the Plaintiff had had electronic filing access to file an Emergency Petition over the Friday before this year's Inauguration Weekend.

Under RFRA, a law or government action that **substantially burdens religious exercise** must be the **least restrictive means** of furthering a **compelling governmental interest.** See *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014).

### II. Denial of ECF Access Is Not the Least Restrictive Means

Allowing electronic filing is administratively feasible and routinely granted to attorneys and certain pro se litigants. The burden on the government to allow ECF access is minimal. There is no compelling interest served by withholding it from Plaintiff, particularly when the result is that:

- Plaintiff's filings are delayed or misclassified (e.g., mislabeling of "Proof of Service" in this very case);
- Plaintiff is denied the ability to preserve a clear record, track deadlines, receive real-time notifications, or register to receive free electronic copies of filings in this case in his associated PACER account -- his bill for PACER last quarter rose to over $30 USD, and his certified mail costs exceed $200 USD over the last quarter.

The **least restrictive means** of serving the government's interest in orderly litigation would be to grant Plaintiff **conditional electronic filing privileges**, subject to compliance with formatting and procedural requirements, just as courts do for other pro se litigants.

### III. Relief Requested

Plaintiff respectfully moves the Court to grant **immediate electronic filing privileges** under Rule 5(d)(3)(B) and the District's local procedures, or to show cause why such access is being denied despite RFRA's protections.

s/Plaintiff John Doe, Currently *Pro se*
For the Center Forward Party of Hippocratic Hands, aka the Miracle Berries

David Clayman / Hercules Hands
7930 Palacio Del Mar Dr
Boca Raton, FL 33433-4148

Retail




RDC 99



9589 0710 5270 1568 6979 20

US District Court
Clerk of Courts
299 E. Broward Blvd.
Suite 108
Ft. Lauderdale, FL 33301



WED 23 APR 2025
Royal Palm Beach 334