UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-CV-60120-SMITH

DAVID MORRIS CLAYMAN,

    Plaintiff,

v.

DONALD J. TRUMP, in his Official
Capacity as President of the United States,

    Defendant.
_____/

**<u>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT</u>**

Defendant, Donald J. Trump, in his official capacity as President of the United States, by and through the undersigned Assistant United States Attorney, hereby files this Reply in Support of Motion to Dismiss Complaint of Plaintiff, David Morris Clayton, pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

**I.    INTRODUCTION**

In his Response to Defendant's Motion, Plaintiff advances numerous arguments that fail as a matter of law and demonstrate that the Complaint fails to state a plausible claim for relief. The Response argues that (1) Plaintiff has Article III standing for various reasons, (2) the Complaint asserts plausible claims that the President is too old to serve as Commander-in-Chief under 10 U.S.C. § 1253 and based on various "risks" Plaintiff identifies, (3) courts may adopt novel theories such as those of Plaintiff, (4) the Complaint is not a shotgun pleading, (5) the Religious Freedom and Restoration Act ("RFRA") encompasses the civil religion Plaintiff is advancing, and (6) it is appropriate for this Court to communicate Plaintiff's concerns to appellate courts and the Supreme

Court. [DE 28]. While Plaintiff may sincerely believe in the veracity of his claims, none of the claims constitutes a cognizable action in this Court, and the Complaint must be dismissed with prejudice.

## II.    ARGUMENT

### A. Plaintiff lacks Article III standing.

The Response contends that Plaintiff has Article III standing because (1) he is a candidate for President in 2028, (2) a younger President would be able to donate his or her organs, (3) the President's trade policies have caused Plaintiff economic harm, (4) Plaintiff has a concrete interest in the Commander-in-Chief's fitness, and (5) there is "fallback standing" for another Plaintiff to take his place. [DE 28] at 11-15.

First, Plaintiff argues that because he has declared himself a candidate for President in the 2028 election, he has sustained the particularized injury-in-fact required under *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). However, this contention is speculative at best, and falls well short of the requirements for Article III standing. Courts have held that plaintiff-candidates do not have standing to challenge a President's qualifications for office. *See Castro v. Scanlan*, 86 F.4th 947, 949, 957-59 (1st Cir. 2023) (registered candidate for President did not satisfy injury-in-fact requirement for standing); *Liberty Legal Found. v. Nat'l Dem. Party of the USA, Inc.*, 875 F. Supp. 2d 791, 800 (W.D. Tenn. 2012) (political candidates lacked standing to challenge President's qualifications). To even come close to alleging standing as a political candidate, Plaintiff must plead specific facts demonstrating that he is truly in competition with the President for votes in the general election, including that he is a registered party's nominee for President, that his name will actually appear on the ballot, that any registered voter

2

intends to vote for him, or that the President's presence on the ballot will injure his campaign. *Id.*; *see also Sibley v. Alexander*, 916 F. Supp. 2d 58, 61 (D.D.C. 2013) (plaintiff's status as a write-in candidate insufficient to establish injury-in-fact). Plaintiff has made no such allegations, nor any facts that could show he is truly in competition with the President in the 2028 general election. Further, "any claim that the former President's presence on the ballot in the contest at issue will diminish [plaintiffs] votes or contributions is simply too speculative to credit, even allowing for the probabilistic nature of a claim of competitive injury." *Castro*, 86 F.4th at 960-61. Accordingly, Plaintiff lacks standing to pursue his claims.

Plaintiff's additional arguments fare no better, as it is well-established that citizens do not have standing to challenge whether another citizen is qualified to hold public office, regardless of the reason for the challenge. *See Perry-Bey v. Trump*, 2023 WL 9051260, at *4 (Dec. 29, 2023) (citing numerous cases and finding plaintiffs lacked standing to disqualify President); *Caplan v. Trump*, 2023 WL 6627515, at *2 (S.D. Fla. Aug. 31, 2023) (plaintiff lacked standing to challenge qualifications for President). In addition, courts have expressly held that "'a President's qualifications [may] be tested, but they do not include direct involvement by the judiciary[,]' which would constitute a violation of the separation of powers." *Smith v. United States Dist. Ct.*, 2025 WL 688978, at *2 (D.D.C. Feb. 25, 2025) (quoting *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1377 (M.D. Ga. 2009)). Therefore, the Complaint should be dismissed for lack of standing.

**B. The Complaint fails to state a plausible claim for relief.**

Citing no authority, the Response contends that 10 U.S.C. § 1253, a statute applicable to military personnel, should "logically and legally" apply to the President.

3

[DE 28] at 4. The Response appears to concede that there is no legal precedent for applying § 1253 to a President, but urges the Court to apply it anyway based on Plaintiff's concerns about the President's age. But Article II, section 1, clause 5 of the Constitution provides "the exclusive qualifications for the Office of President." *De La Fuente v. Raffensperger*, No. 19-cv-5323, 2020 WL 13654301, at *3 (N.D. Ga. July 2, 2020). The power to add qualifications for President arises from the Constitution itself, and that the qualifications in the Constitution are "fixed and exclusive" such that neither the states nor Congress may alter them. *See U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 790-91 (1995); *De La Fuente v. Simon*, 940 N.W.2d 477, 490-91 (Minn. 2020) (citing various cases and stating that the Constitution establishes exclusive requirements for the office of President). Plaintiff notes that the absence of other requirements, such as the fact that a President must be a natural person, leaves the clause open to interpretation. But there is no gray area in the constitutional age requirement: a President simply must be at least 35 years old, and nothing short of an amendment to the Constitution can alter that requirement.

The Response references empirical information such as risks of incapacitation or cognitive decline in individuals between 78 and 82, and public support for maximum age limits for President, to persuade the Court to adopt his position. [DE 28] at 8-11. However, this information does not carry legal weight and Plaintiff provides no authority for the concept that the Court may base its decision on public sentiment or articles gathered by a plaintiff. Accordingly, the Complaint fails to state a claim and is subject to dismissal with prejudice.

### C. The Complaint is a shotgun pleading.

Again, without authority, Plaintiff argues that the Complaint is not a shotgun pleading and that it separates its claims clearly. [DE 28] at 17. He then explains that he is busy with important civil obligations and does not wish to amend the Complaint unless "truly judiciously necessary." *Id.* As Plaintiff raises no new arguments, Defendant relies on its Motion to Dismiss. [DE 20] at 3-5.

### D. The Complaint fails to state a RFRA claim.

The Response next argues that RFRA must include civic religion and that it somehow applies to his claims against the President, but does not explain how or provide any legal authority to support his position. Therefore, Defendant again relies on its Motion to Dismiss. [DE 20] at 7-8.

### E. This Court cannot require "judicial dialogue" with higher courts.

Plaintiff urges this Court to issue an "internal advisory communication within the Judicial Branch or an open memorandum to the public" on maximum age limits for the Presidency. [DE 28] at 18-19. However, this Court's power is expressly limited to resolving cases and controversies, which do not include advisory opinions or communications. *See Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995). Indeed, courts "are not advisory councils to be called upon whenever a lawyer believes a Constitutional question needs answering, no matter how important that question may be." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1376 (M.D. Ga. 2009) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see also R.T. Vanderbilt Co. v. Occupational Safety & Health Review Comm'n,* 708 F.2d 570, 574 (11th Cir. 1983) (under Article III, "federal

courts are constitutionally empowered only to render judgments which are not advisory opinions or political in nature.") (citations omitted).

### F. Dismissal with prejudice is warranted.

While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Kazmierczak v. FBI*, No. 21-cv-14092, 2021 WL 1873432 (S.D. Fla. Apr. 20, 2021) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)); *Stone v. Yokohama Bilingual Educ.*, No. 17-cv-24534, 2018 WL 6655601 (S.D. Fla. Oct. 30, 2018) (dismissing frivolous pro se complaint with prejudice). The Complaint is patently frivolous and asserts no legally cognizable claims. Accordingly, it should be dismissed with prejudice.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court DISMISS the Complaint WITH PREJUDICE.

Respectfully submitted,

**HAYDEN O'BYRNE**
**UNITED STATES ATTORNEY**

Date: May 27, 2025          By:   */s/ Darcie A. Thompson*
                                   Darcie A. Thompson
                                   Florida Bar No. 0124888
                                   Assistant United States Attorney
                                   Email: darcie.thompson@usdoj.gov
                                   United States Attorney's Office
                                   500 S. Australian Ave., Suite 400
                                   West Palm Beach, Florida 33401
                                   Tel: (561) 209-1010
                                   Fax: (561) 820-8777

*Attorney for the Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also mailed a copy of this document to the pro se Plaintiff at his address of record.

*/s/ Darcie A. Thompson*
Assistant U.S. Attorney