UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60120-CIV-SMITH

DAVID MORRIS CLAYTON,

        Plaintiff,

vs.

DONALD J. TRUMP, in his Official Capacity as
President of the United States,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss Complaint [DE 20], Plaintiff's Final Response in Opposition to Defendant's Motion to Dismiss [DE 28], and Defendant's Reply [DE 30]. Defendant seeks to dismiss Plaintiff's claims for failure to state a cause of action and for lack of standing. For the reasons set forth below, Defendant's Motion is granted.

**I.    THE COMPLAINT**

Plaintiff's *pro se* 50-page Complaint initially seeks four things: (1) that the United States Supreme Court deliver an annual "State of the Constitution" address; (2) an injunction and declaratory relief declaring that President Trump ("Trump" or "Defendant"), due to his age, is constitutionally and statutorily prohibited from serving as Commander-in-Chief; (3) antitrust relief from duopolistic practices by the Republican and Democratic parties, as well as relief under the Religious Freedom Restoration Act ("RFRA") to secure a political system that reflects the need for governmentally-guaranteed healthcare, for which Plaintiff is religiously obligated to advocate;

and (4) a grant of attorneys' fees under RFRA. (Compl. at 2-3.) Toward the end of the Complaint, however, Plaintiff seeks only that this Court "Recommend that the Supreme Court adopt an annual 'State of the Constitution' address tradition [and] grant an emergency injunction requiring the Commander-in Chief role to be held during the pendency of this case by the respective age-qualified, vetted Vice-President." (Compl. at 43.)

Plaintiff's first numbered cause of action is for a "Motion for an Annual 'State of the Constitution' Address." (Compl. at 3.) Plaintiff sets out the benefits of such an address and a proposed framework. Plaintiff then states that he "seeks an advisory recommendation from this Court to encourage the Supreme Court to adopt this tradition." (Compl. at 6.)

Plaintiff's second numbered cause of action is for an "Emergency Injunction to Evaluate and Enforce Age Limitations on the Commander-in-Chief to Avoid Risk of Even Mild Cognitive and Physical Impairment in the Atlassian Commander-in-Chief." (Compl. at 8-9.) Plaintiff asserts that 10 U.S.C. § 1253[1] should be applied to Trump to prevent him from serving as Commander-in-Chief because Trump's age raises concerns about his ability to fulfill the responsibilities of his office. Plaintiff also maintains that Trump's felony conviction should also disqualify him from serving as Commander-in-Chief.

Plaintiff's third cause of action, titled "The Donkey-Elephant Duopoly: Sparking and

---

[1] This section states, in relevant part:

> Unless retired or separated earlier, each regular commissioned officer of the Army, Navy, Air Force, Marine Corps, or Space Force serving in a general or flag officer grade shall be retired on the first day of the month following the month in which the officer becomes 64 years of age.

10 U.S.C.A. § 1253(a).

Prosecuting a Political Antitrust Case" (Compl. at 17), asserts that the Democratic and Republican National Committees create unlawful restraints on trade and monopolization of the political process in violation of sections 1 and 2 of the Sherman Antitrust Act.  As a result, Plaintiff has been hindered in his ability to affordably start a minor political party.  Plaintiff then suggests some particular actions that should be taken to remedy the situation.

Plaintiff's fourth cause of action is titled "Joined and Connected Immediate Civil Complaint under the Religious Freedom and Restoration Act."  (Compl. at 29.)  Plaintiff alleges, that as a practicing Jew, he is religiously obligated to promote and support policies that preserve human life.  Plaintiff maintains that he is religiously obligated to bring this action to challenge the advanced age of Trump and that the current duopoly over the political system hinders Plaintiff's religious exercise.

In addition, Plaintiff seeks class certification of a class consisting of:

> All citizens and/or residents of the United States who are concerned about the potential risks posed by an aged President serving as Commander-in-Chief, as well as all those separately who see a State of the Constitution Address Tradition of the Supreme Court targeting patient, steady, year-over-year public Constitutional Reform on the doorstep of our Nation's 250th Anniversary of Independence as a mechanism to mitigate, prevent, and solve such crises in the future.

(Compl. at 45.)

The Complaint names Donald J. Trump, Joseph R. Biden, the Republican National Committee, and the Democratic National Committee as Defendants.  Plaintiff sought and was granted leave to dismiss all Defendants except Donald J. Trump.

## II.   MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint.  The rule permits dismissal of a complaint

that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The leniency afforded *pro se* litigants does not permit a court to construct a litigant's legal arguments or otherwise rewrite deficient pleadings to sustain an action. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011). Thus, as set

4

out above, a *pro se* plaintiff is obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.  DISCUSSION

Defendant seeks to dismiss Plaintiff's Complaint in its entirety because it is a shotgun pleading. Defendant also argues that the Complaint is frivolous because (1) Plaintiff lacks standing to challenge a President's eligibility for office; (2) the claim that any Defendant violated the Sherman Antitrust Act has no support in the law; (3) Plaintiff lacks standing for his RFRA claims and those claims are frivolous; and (4) Plaintiff's request for an Annual State of the Constitution Address is not cognizable and the Court cannot grant such relief. Defendant seeks dismissal with prejudice because of the frivolous nature of the Complaint.

### A.  Shotgun Pleading

Defendant first argues that the Complaint should be dismissed because it is a shotgun pleading. Plaintiff responds that he has clearly separated his claims and, if the Court finds otherwise, asks for leave to amend.

The Eleventh Circuit has explained shotgun pleadings:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or

>  omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted).  Here, review of the Complaint indicates that it is a shotgun pleading.  The Complaint is filled with conclusory, vague, and immaterial facts—including a lengthy discussion of the chemistry concept of steric hindrance.  Additionally, the Complaint does not identify which Defendants are responsible for which acts; nor does the Complaint identify against which Defendants each claim is brought.[2]  As a result, it is not clear which claims remain after the dismissal of all Defendants except Trump.  Consequently, Plaintiff's Complaint constitutes a shotgun pleading and must be dismissed.

      **B.**      **Standing to Challenge Trump's Eligibility to Serve as Commander-in-Chief**

Defendant argues that Plaintiff lacks standing to challenge a President's eligibility for office.  Plaintiff responds that he has standing as a declared 2028 presidential candidate.  Plaintiff also argues that he has standing because he has suffered economic losses from Defendant's trade policies and because he has a concrete interest in the fitness and stability of the Commander-in-Chief.  In the alternative, Plaintiff maintains that he has "fall back standing."

Article III standing requires that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  At the pleading stage, a "plaintiff must clearly [ ] allege facts demonstrating each element." *Id.* (internal quotation marks omitted).  An "injury in fact" requires "an invasion of a legally protected

---

[2] Despite dismissing all Defendants but Trump, Plaintiff did not file an amended complaint.

interest which is [ ] concrete and particularized" and must be "actual or imminent, not 'conjectural' or 'hypothetical.'"  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

Defendant argues that Plaintiff cannot demonstrate an injury in fact.  "To have standing, a plaintiff must show he has a 'personal stake' in the alleged dispute and that the injury is 'particularized' to him."  *Caplan v. Trump*, No. 23-CV-61628, 2023 WL 6627515, at *2 (S.D. Fla. Aug. 31, 2023) (citations omitted).  Plaintiff argues that he has suffered an injury in fact as a 2028 presidential candidate running against Trump.  However, this is nothing more than speculation.  Trump has not announced his candidacy for president in 2028 and is Constitutionally barred from running for president in 2028.  Thus, Plaintiff's alleged harm is pure speculation at this point.  Plaintiff's alleged economic injury does not arise from the complained of actions—Trump serving as Commander-in-Chief.  Plaintiff's argument that all citizens have an interest in the fitness and stability of the Commander-in-Chief demonstrates that any alleged injury is not particularized to Plaintiff.  Finally, Plaintiff's request for "fall back standing" offers no authority to support such a request.  Consequently, Plaintiff has failed to demonstrate an injury in fact.  Accordingly, Plaintiff lacks standing to challenge Trump's eligibility to serve as Commander-in-Chief and Plaintiff's claim challenging Trump's eligibility must be dismissed with prejudice.

### C. Sherman Antitrust Act

Defendant argues that Plaintiff's claim under the Sherman Antitrust Act is baseless because it does not name the specific provisions of the Act that were violated, it does not name which of the Defendants violated the act, and it does not allege facts constituting a restraint on trade.  In response, Plaintiff states that his antitrust allegations are "not a standalone claim" and are included for "context." (Pl. Resp. at 11.)  Consequently, Plaintiff has conceded that he has no claim under the Sherman Antitrust Act and, thus, any such claim is dismissed.

### D. RFRA

Defendant argues that Plaintiff lacks standing for his RFRA claims and fails to state a cause of action. Under RFRA, the government cannot "substantially burden a person's exercise of religion." 42 U.S.C. § 2000bb-1(a). Defendant argues that Plaintiff has not alleged any facts to show his exercise of religion has been substantially burdened. Defendant also asserts that Plaintiff has failed to allege a concrete, redressable injury.

Plaintiff responds that he has a deeply held religious belief that those in positions of national leadership should promote life-saving acts, such as organ donation, and Trump is likely ineligible to be an organ donor due to his age. According to Plaintiff this imposes a disproportionate religious and ethical weight on Plaintiff. Plaintiff also argues that RFRA must encompass "civic religion rooted in altruism and national service." (Pl. Resp. at 17-18.) Plaintiff, however, has failed to support this argument with any legal authority. Neither of Plaintiff's arguments, nor the allegations in the Complaint, establish how the government has substantially burdened Plaintiff's exercise of religion. Moreover, Plaintiff has not shown that he has suffered an injury in fact because of Trump's alleged ineligibility to serve as Commander-in-Chief. Consequently, Plaintiff's RFRA claim is dismissed with prejudice.

### E. State of the Constitution Address

Defendant seeks to dismiss Plaintiff's claim "seeking an advisory recommendation from this Court to encourage the Supreme Court to adopt th[e] tradition" of an annual State of the Constitution Address. (Compl. at 6.) Defendant seeks dismissal because this Court cannot issue advisory opinions and, therefore, Plaintiff's request is not justiciable. Plaintiff responds that this Court has "the discretion to identify and communicate emerging constitutional concerns" to higher courts and the public. (Pl. Resp. at 18.)

Federal courts are courts of limited jurisdiction. *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995). That jurisdiction is limited to actual cases or controversies. *Id.* "Thus, no justiciable controversy is presented when the parties seek . . . an advisory opinion." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Plaintiff's Complaint explicitly states that Plaintiff seeks "an advisory recommendation." Such a recommendation would amount to a prohibited advisory opinion. Thus, the Court lacks jurisdiction over Plaintiff's request and this claim should be dismissed with prejudice.

Accordingly, it is

**ORDERED** that:

1. Defendant's Motion to Dismiss Complaint [DE 20] is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

2. All pending motions are **DENIED as moot**.

3. This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 2nd day of June, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record